## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| McCAIN FOODS LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **Civil Action No.** <u>17-1326</u> |
| | ) | |
| J.R. SIMPLOT COMPANY, | ) | **COMPLAINT** |
| | ) | **FOR PATENT INFRINGEMENT** |
| Defendant. | ) | **WITH JURY DEMAND** |
| | ) | |
| | ) | |
| | ) | |

Plaintiff McCain Foods Limited, for its Complaint against J.R. Simplot Company alleges as follows:

### INTRODUCTION

1.      This is an action to cease the unlawful and infringing activities of J.R. Simplot Company in the manufacture and sale of its frozen potato products.

### THE PARTIES

2.      Plaintiff McCain Foods Limited ("McCain" or "Plaintiff") is a company existing under the laws of the Province of New Brunswick, Canada having a corporate office and principal place of business at 439 King Street West, 5th Floor, Toronto, ON, Canada M5V 1K4.   McCain is one of the world's largest suppliers of French fry and potato products.

3.     Defendant J.R. Simplot Company ("Simplot" or "Defendant") is a Nevada corporation having a principal place of business at 999 W. Main Street, Boise, Idaho 83702.

## JURISDICTION AND VENUE

4.     This action involves statutory questions and claims arising under the laws of the United States.  This Court has jurisdiction over the subject matter of this action pursuant to 35 U.S.C. § 271, *et. seq*., and 28 U.S.C. §§ 1331 and 1338.

5.     Personal jurisdiction exists over Simplot because Simplot has minimum contacts with this forum as a result of substantial business regularly conducted or solicited within this district.  Moreover, Simplot has placed its products within the stream of commerce, which stream is directed at this district.

6.     Simplot manufactures French fry and potato products in plants located throughout the United States, and these products are sold within this district and elsewhere around the country.

7.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400, as Simplot resides in this district and the wrongful acts giving rise to McCain's claims have occurred in this district.

## BACKGROUND

8.     McCain was founded in 1957 by brothers, Harrison and Wallace McCain, with the opening of the first production facility in their hometown of Florenceville, New Brunswick, Canada.  Since its humble beginnings, McCain has become one of the world's largest manufacturers of frozen French fries and potato specialties.  McCain also produces other foods, including appetizers, snacks, meals and vegetables for both the retail and foodservice industries. On February 23, 2017, McCain will celebrate its 60th anniversary.

9.     McCain's operations have grown significantly over the years, from 30 employees and global sales of CDN$150,000, to now employing more than 20,000 people with global sales of CDN$8.5 billion. McCain operates across six continents with 47 sites, working with farmers around the world and processing over 6.5 million tons of potatoes every year.

10.     McCain has significant operations in the United States through its subsidiary, McCain Foods USA, Inc., which has a corporate office and principal place of business at 2275 Cabot Drive, Lisle, Illinois 60532.  McCain's products are manufactured at several facilities throughout the United States.

11.     Throughout its existence, McCain has been at the forefront of frozen potato innovation.    McCain invests heavily in developing state-of-the-art

- 3 -

production equipment and foodstuffs. McCain has a Research and Development function and an Intellectual Property Panel Innovation Technology Council that oversees the Company's substantial research and development efforts. As a result of its substantial investment in research and development, McCain has been awarded numerous utility and design patents. In addition to its patents, McCain has other valuable intellectual property including trade secrets, trademarks and trade dress. McCain's valuable intellectual property rights serve to distinguish McCain from its competitors.

12. Unfortunately, McCain's success in innovation and design has also resulted in imitation, copying and unlawful piggybacking on McCain's investment in delivering high quality products to the members of the consuming public.

13. As a direct result of the time, investment and commitment to innovation, McCain is the assignee and owner of all right, title and interest, including the right to recover for past infringement, in United States Patent No. 6,821,540 ("the '540 Patent") entitled "Process for Treating Vegetables and Fruit Before Cooking." The '540 Patent was duly and legally issued on November 23, 2004 by the United States Patent and Trademark Office (USPTO), a true and correct copy of which is attached hereto as Exhibit A and by reference is herein incorporated.

14.     McCain is also the assignee and owner of all right, title and interest, including the right to recover for past infringement, in United States Patent No. D720,916 ("the '916 Patent") entitled "Root Vegetable Product." The '916 Patent was duly and legally issued on January 13, 2015 by the USPTO, a true and correct copy of which is attached hereto as Exhibit B and by reference is herein incorporated.

**DEFENDANT'S INFRINGING MANUFACTURING ACTIVITIES**

***The '540 Patent***

15.     Simplot manufactures French fry and potato products in plants located throughout the United States.  These products are sold within the state of Illinois, within this judicial district, and elsewhere around the country.  Simplot competes with McCain in the sale of French fry and potato products.

16.     On information and belief, as set forth more fully below, to manufacture its French fry and potato products, Simplot uses a process that infringes one or more claims of the '540 Patent.

17.     The '540 Patent is generally directed to a pulsed electric field process for treating vegetables and/or fruit before cooking in order to reduce their resistance to cutting.  The process includes applying a high electric field to the vegetables and/or fruit under such conditions that a resulting temperature increase

of the vegetables and/or fruit is almost zero, or low enough as to not amount to a preheating step.

18.     Independent claim 1 of the '540 Patent is representative and recites:

> A process for treating vegetables and fruit before cooking in order to reduce their resistance to cutting, characterized by the application of a high electric field directly to the vegetables and/or fruit under conditions such that the resulting increase in the temperature of the vegetables and/or fruit is almost zero or at least sufficiently low as to not amount to a preheating step.

19.     On information and belief, Simplot uses pulsed electric field (PEF) systems in its United States plants to process potato products that are sold in this judicial district and throughout the United States.  On information and belief, at least some of these PEF systems have been supplied and/or designed by an entity called Elea Gmbh ("Elea").

20.     Product literature from Elea describing its PEF systems is attached hereto as Exhibit C and by this reference is incorporated herein.  Screenshots of a YouTube video describing Elea's PEF systems are attached hereto as Exhibit D and by this reference are incorporated herein.

21.     As demonstrated by the product literature and YouTube video in Exhibits C and D, the PEF systems Simplot is using infringe one more claims of

the '540 patent. For example, these materials demonstrate that the systems are

used "for the treatment of tubers, roots, vegetables and fruits."





22.     The PEF systems Simplot is using are used to treat vegetables and fruits before cooking in order to reduce their resistance to cutting.  For example, in Exhibit C at page 4, the use of a "SmoothCut" PEF system is described to provide "cutting improvement" and "better cuts."  Moreover, in Exhibit D the PEF system Simplot is using is described to cause potato cells to become "softer[,] making the product much easier to process."





23.    The PEF systems utilized by Simplot are used to apply a high electric field directly to vegetables and/or fruit.  For example in Exhibit C at page 3, the system is described with a "pulse generator" and "electrodes" for applying a high electric field to vegetables and fruit.  Such a process is confirmed in Exhibit D which shows the application of electric field pulses directly to potatoes.





24.     As set forth in Exhibit C at page 3, in the PEF systems Simplot is using, the high electric field is applied under conditions such that the resulting increase in the temperature of the vegetables and/or fruit is almost zero or at least sufficiently low as to not amount to a preheating step.

## **DEFENDANT'S COPYCAT POTATO SHAPE**

### *The '916 Patent*

25.     Not only is Simplot using a process that belongs to McCain, it is copying proprietary McCain designs.

26.     The French fry and potato products manufactured by Simplot within the United States include its SIDEWINDERS™ branded potato products.

27. Upon information and belief, Simplot began selling the SIDEWINDERS™ potato products in 2013. These potato products are sold in all fifty states, in this judicial district and internationally.

28. As set forth more fully below, by developing, manufacturing, distributing, and selling the SIDEWINDERS™ potato products, Simplot has infringed and is now infringing the claim of the '916 Patent.

29. The '916 Patent discloses and claims an ornamental design for a root vegetable product. The claimed ornamental design is illustrated in Figures 1-7 of the '916 Patent, as set forth in Exhibit B at pages 2-3.

30. Simplot's SIDEWINDERS™ potato products use the same design claimed in the '916 Patent, and the resemblance between the claimed design and the design of the SIDEWINDERS™ potato products is deceiving to the ordinary observer. The resemblance between the claimed design and the design of the SIDEWINDERS™ potato products can be seen in the following side-by-side comparison:

| McCAIN'S '916 PATENT | SIMPLOT SIDEWINDERS™ |
|---|---|



## COUNT ONE - PATENT INFRINGEMENT
## Infringement of U.S. Patent No. 6,821,540

31.     McCain realleges, adopts, and incorporates by reference the allegations included within paragraphs 1 through 30 as if fully set forth herein.

32.     On information and belief, Simplot has directly infringed the '540 Patent by using PEF systems in the United States, without authority, in a manner that infringes at least claim 1 of the '540 Patent to the injury of McCain.

33.     Simplot is liable for infringement of the '540 Patent pursuant to 35 U.S.C. § 271.

34.     As a result of Simplot's infringement of the '540 Patent, McCain has suffered and will continue to suffer monetary damages, including lost profits and/or a reasonable royalty, that are compensable under 35 U.S.C. § 284 in an amount to be determined at trial.

35.     Unless an injunction is issued enjoining Simplot and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '540 Patent, McCain will continue to be greatly and irreparably harmed.

## COUNT TWO - PATENT INFRINGEMENT
### Infringement of U.S. Patent No. D720,916

36. McCain realleges, adopts, and incorporates by reference the allegations included within paragraphs 1 through 35 as if fully set forth herein.

37. By developing, manufacturing, distributing, and selling the SIDEWINDERS$^{TM}$ potato products in the United States, without authority, Simplot has directly infringed the claim of the '916 Patent to the injury of McCain.

38. Simplot is liable for infringement of the '916 Patent pursuant to 35 U.S.C. § 271.

39. Simplot's infringement of the '916 Patent has been willful and deliberate. Simplot had actual knowledge of the '916 Patent prior to the filing of this lawsuit, and at least as early as August 4, 2016. On that date, the USPTO cited the '916 Patent in the prosecution of Simplot's U.S. Patent Application No. 29/543,939, which later issued as U.S. Patent No. D766,542 ("the '542 Patent"). The '542 Patent lists the '916 Patent on its face.

40. As a result of Simplot's infringement of the '916 Patent, McCain has suffered and will continue to suffer monetary damages, including lost profits and/or a reasonable royalty, that are compensable under 35 U.S.C. § 284 in an amount to be determined.

41.     On information and belief, Simplot's infringement of the '916 Patent has been and continues to be deliberate, willful, intentional, and with knowledge of the existence of the '916 Patent, such that McCain is entitled to enhanced damages and to recover its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. §§ 284 and 285.

42.     On information and belief, Simplot knew of the '916 Patent and has disregarded, and continues to disregard, an objectively high likelihood that its actions infringe the '916 Patent.  Simplot knew or should have known of the risk that its actions infringe the '916 Patent.

43.     Unless an injunction is issued enjoining Simplot and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '916 Patent, McCain will continue to be greatly and irreparably harmed.

## PRAYER FOR RELIEF

McCain respectfully requests the following relief:

(a)     Judgment for McCain and against Simplot on all Counts asserted herein;

(b)     Permanent injunctive relief enjoining Simplot and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on

its behalf or in active concert or participation with them from infringement of the '540 and '916 Patents;

(c)     Damages to which McCain is entitled including without limitation as provided under 35 U.S.C. § 284;

(d)     Actual, statutory, and compensatory damages as proven at trial;

(e)     Enhanced damages in an amount equal to three times McCain's damages for Simplot's willful infringement of the '916 Patent pursuant to 35 U.S.C. § 284;

(f)     Pre-judgment and post-judgment interest;

(g)     That the Court find that this is an exceptional case within the meaning of 35 U.S.C. § 285;

(h)     McCain's costs, expenses, and reasonable attorneys' fees and litigation expenses incurred in this action; and

(i)     Such other relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

McCain requests a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

JONES DAY

/s/ Meredith M. Wilkes
Meredith M. Wilkes (90785056)
David B. Cochran (pro hac vice to be filed)
John C. Evans (pro hac vice to be filed)
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-7231
mwilkes@jonesday.com

John A. Marlott (06230613)
77 West Wacker Drive
Chicago, IL 60601
 (312) 269-4236
jamarlott@jonesday.com

Joshua R. Nightingale (pro hac vice to be filed)
500 Grant Street, Suite 4500
Pittsburgh, PA 15219

*Attorneys for McCain Foods Limited*