UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| McCAIN FOODS LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 17 C 1326 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| J.R. SIMPLOT COMPANY, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Plaintiff McCain Foods Limited ("McCain") alleges that Defendant J.R. Simplot Company ("Simplot") is guilty of infringing McCain's potato patents. Simplot wants to contest this case on different soil, moving to transfer venue to the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1404(a). Because the convenience of the parties and the interest of justice favor transfer, the Court grants Simplot's motion [24] and transfers McCain's suit and Simplot's counterclaim to the District of Idaho.

## **BACKGROUND**[1]

McCain is a Canadian company operating under the laws of the Province of New Brunswick and has its corporate office in Toronto, Canada. McCain's subsidiary, McCain USA, is a Maine corporation with a principal place of business in Lisle, Illinois. Simplot is a Nevada corporation with a principal place of business in Boise, Idaho and admits that "[f]or purposes of this action only . . . venue is proper in this district[.]" Doc. 22 ¶ 7.

---

[1] In addressing Simplot's motion to transfer, the Court is not obligated to limit its consideration to the pleadings. *See Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). The Court resolves all factual conflicts and draws all reasonable inferences in McCain's favor. *Harris v. comScore, Inc.*, 825 F. Supp. 2d 924, 926 (N.D. Ill. 2011).

Both companies sell French fries and potato products. McCain's Patent No. 6,821,540 ("the '540 Patent"), relates to "Process for Treating Vegetables and Fruit Before Cooking." McCain claims that Simplot's pulsed electric field (PEF) systems, infringe the '540 Patent. Simplot has three PEF system machines, two located in their processing plant in Idaho, and one at their facility in North Dakota. Simplot acquired these PEF systems from Food Physics, the United States distributor for Elea Vertriebs–und–Vermarktungsgesellschaft, mbH ("Elea"). Food Physics is located in Boise, and has employees and documents related to those systems at its facilities.

Patent No. D720,916 ("the '916 Patent"), entitled "Root Vegetable Product," is for the design of a twisted ornamental root vegetable product, or a spiral French fry. McCain claims that Simplot spiral French fries, called SIDEWINDERS™, infringe on McCain's '916 Patent. Simplot developed SIDEWINDERS™ in its facility in Caldwell, Idaho and produces them there. Simplot worked with AceCo Precision Manufacturing, Inc. ("AceCo") and JST Manufacturing, both located in Boise, to produce SIDEWINDERS™ potatoes.

Simplot countersued McCain for invalidity of McCain's two patents.

## ANALYSIS

### I. Section 1404 Transfer

Section 1404(a) states that the Court may transfer venue to another district "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). For transfer to be appropriate, Simplot must demonstrate that "(1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and the witnesses; and (4) transfer would serve the interest of justice." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007). Simplot bears the burden of

demonstrating that transfer is "clearly more convenient." *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986)). The transfer decision is committed to the Court's sound discretion because the "weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude." *Coffey*, 796 F.2d at 219.

The Court addresses first where venue is proper. Before and during briefing on Simplot's motion, the parties did not contest that venue is proper in the District of Idaho and they currently have related ongoing litigation there.[2] As to whether venue is proper here, "Section 1404(a) may only be invoked if venue is proper in the district where the case was filed." *Johnson v. United Airlines, Inc.*, No. 12 C 5842, 2013 WL 323404, at *2 (N.D. Ill. Jan. 25, 2013). In its Answer and motion to transfer under § 1404, Simplot agreed with McCain that venue is proper in this District. Then the Supreme Court issued its opinion in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, --- U.S. ----, 137 S. Ct. 1514, 1520, 197 L. Ed. 2d 816 (2017), which reestablished more limited venue in patent cases than the Federal Circuit had previously allowed. After *TC Heartland*, Simplot asked the Court to consider whether venue was proper in this District. But because Simplot's Answer and motion accept McCain's allegation that venue is proper, the Court does not need to resolve Simplot's request to further review whether venue is proper here.[3] With neither venue here nor in the District of Idaho an issue, the Court turns to whether transfer would serve the convenience of the parties and witnesses and serve the interest of justice.

---

[2] Simplot answered that venue is proper and did not move to dismiss based on improper venue.

[3] As discussed below, if *TC Heartland* applies to render venue improper here, the Court would consider 28 U.S.C. § 1406. *See In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008) (noting that when venue is improper a dismissal or transfer under § 1406(a) may become appropriate). But because the Court finds that transfer is appropriate under § 1404 and because transfer or dismissal would be necessary if venue was not proper, the Court need not resolve the issue. *See Johnson*, 2013 WL 323404, at *2 ("Because the same result obtains under either provision, there is no need to decide which one applies and therefore no need to decide whether venue is proper in this District.").

3

### A. Convenience of the Parties and Witnesses

In evaluating the convenience of the parties and witnesses, the Court considers "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Brandon Apparel Grp., Inc. v. Quitman Mfg. Col.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999).

First, courts typically give a plaintiff's choice of forum substantial deference, particularly where the chosen forum is the plaintiff's home forum. *Id.* This deference is lessened "where the plaintiff's chosen forum is not the plaintiff's home forum or has relatively weak connections with the operative facts giving rise to the litigation." *Body Sci. LLC. v. Boston Sci. Corp.*, 846 F. Supp. 2d 980, 992 (N.D. Ill. 2012). For this factor, the Court considers only McCain's suit; Simplot's countersuit in this case operates as a denial of McCain's claims. *See generally Nalco Co. v. Envtl. Mgmt., Inc.*, 694 F. Supp. 2d 994, 997 (N.D. Ill. 2010) (finding that counterclaims and third-party complaint had no operative effect on motion to transfer). McCain is incorporated under the laws of the Province of New Brunswick, Canada, but operates its U.S. operations through its subsidiary, McCain Foods, which is headquartered in the Northern District of Illinois. Simplot has no facilities or employees located in Illinois, and its only connection with the district is through the sales of its products, which are sold nationwide. "Sales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states." *Anchor Wall Sys., Inc. v. R & D Concrete Prods., Inc.*, 55 F. Supp. 2d 871, 874 (N.D. Ill. 1999). The design and development of SIDEWINDERS™ takes place in Idaho, and all marketing and distribution decisions are made there as well. Moreover, none of the infringing PEF systems are in Illinois, nor did Simplot purchase these systems in Illinois. While the Northern District of

Illinois is effectively McCain's home district, the connection between the district and the facts at issue is no greater than any other district, meaning McCain's choice of forum is entitled to "some, but not substantial, deference." *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998) (giving some but not all deference to plaintiff's choice of forum because Illinois lacked a connection to the underlying case). Consequently, this factor weighs slightly against transfer.

Second, in patent cases, courts generally focus on the location of the infringer's principal place of business since these cases center on the infringer's activities and documents. *Body Sci.*, 846 F. Supp. 2d at 993; *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. P'ship*, 807 F. Supp. 470, 474 (N.D. Ill. 1992). Generally, this factor alone is not sufficient to override a plaintiff's choice of forum, but like other factors, it does weigh against it. *Abbott Labs. v. Church & Dwight, Inc.*, No. 07 C 3428, 2007 WL 3120007, at *3 (N.D. Ill. Oct. 23, 2007) ("[A] defendant seeking to transfer venue to another district cannot simply point to its principal place of business in another district and prevail automatically. The Court must give appropriate weight to the plaintiff's forum choice."). McCain worries that giving this factor too much weight would make it impossible to bring suit against a non-resident infringer. However, this is simply one factor among others and is not dispositive; rather, it weakens the deference given to McCain's choice of forum. *See id.*; *Body Sci.*, 846 F. Supp. 2d at 992. Additionally, if infringing materials can be found in both the transferor and the transferee districts, the situs of material events becomes less relevant. *Carson v. Flexible Foam Prods., Inc.*, No. 08-cv-095-bbc, 2008 WL 1901727, at *2 (W.D. Wis. Apr. 23, 2008). Some courts have also found that the place of injury factors into the situs of events when the injury occurs mostly in one location. *See, e.g.*, *SRAM Corp. v. SunRace Roots Enter. Co.*, Ltd., 953 F. Supp. 257, 259 (N.D. Ill. 1997) (considering the

fact that infringing goods were sold in the transferor district, but finding that the situs of event factor still favored transferring the case since the majority of sales were not in the district).

Here, Simplot's principal place of business is in Boise, Idaho, and Simplot has no facilities or employees in Illinois. Simplot's research, design, production, and development of its SIDEWINDERS™ product occurred in Idaho, and all sales and marketing decisions regarding the product also happened there. Doc. 29 ¶¶ 6, 7. McCain has not alleged that Simplot sells more SIDEWINDERS™ products in Illinois than any other state. None of Simplot's three alleged infringing PEF systems are in Illinois, but two are in Idaho and the other is nearby in North Dakota. Decl. of James Englar ¶ 3. The Court finds that the situs of material events is Idaho, becuase nearly all of McCain's claimed infringing activities of McCain's two patents predominantly took place there. *See Anchor Wall*, 55 F. Supp. 2d at 874. This factor supports transfer.

Third, Simplot claims that the case should be transferred to the District of Idaho because the physical records and documents regarding SIDEWINDERS™ and Simplot's PEF systems are in Idaho. Most documents are presumed to be easily transportable, and do not weigh heavily in favor of transfer. *See Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 840 (N. D. Ill. 2009) ("In this day and age, transferring documents from one district to another is commonplace and, given the widespread use of digital imaging in big-case litigation, no more costly than transferring them across town."). Accordingly, this factor is neutral.

Fourth, is the convenience of witnesses, which is "often viewed as the most important factor in the transfer balance." *Brandon Apparel*, 42 F. Supp. 2d at 834 (quoting *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989)). Simplot has identified several employee witnesses that reside in Idaho who could testify to the sales, marketing, design, and development

6

of SIDEWINDERS™, and others who would testify to the purchase and use of the claimed infringing PEF systems. The Court gives less weight to the convenience of party witnesses, because the Court presumes they will appear voluntarily at trial. *See AL & PO Corp. v. Amer. Healthcare Capital, Inc.*, No. 14 C 1905, 2015 WL 738694, at *4 (N.D. Ill. Feb. 19, 2015) ("[T]he convenience of witnesses who are within a party's control, such as a party's employees, is far less important than the convenience of non-party witnesses."); *Bullard v. Burlington N. Santa Fe Ry. Co.*, No. 07 C 6883, 2008 WL 4104355, at *4 (N.D. Ill. Aug. 28, 2008) ("Courts are less concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts; it is presumed that such witnesses will appear voluntarily."). Simplot has identified three individual non-party witnesses who reside in the District of Idaho. Michael L. Hamann and Bruce T. Pittard are inventors of Simplot's "Spiral Potato Piece" Patent and could testify as to the development of Simplot's SIDEWINDERS™ product. Nick Speakman, an employee of Food Physics, could testify regarding the functionality and operation of Simplot's PEF systems. Additionally, Simplot worked with AceCo and JST Manufacturing, two independent contractors located in Boise, to produce their SIDEWINDERS™ product. Doc. 29 ¶ 9. McCain has not contested the necessity or value of any of these parties in resolving its claims.

In contrast, McCain has identified two witnesses who would testify to the patents at issue who live in Illinois, but both are employed by McCain. McCain argues that travelling to Boise is more burdensome than travelling to Chicago for potential witnesses from Canada or Europe because Chicago is a major airline hub, and there are unnamed witnesses who would testify to Simplot's counterclaims regarding the validity of its two patents. Presumably these witnesses would be party witnesses, and McCain has not claimed otherwise, warranting less consideration.

7

*See Bullard*, 2008 WL 4104355, at *4 (giving less consideration to party witnesses when weighing convenience of witnesses). Even if potential additional travel time for these witnesses international witnesses was an inconvenience, McCain has identified no such witnesses and instead only alludes to hypothetical ones. Considering the convenience for all potential witnesses and the Court's ability to subpoena them, giving priority to non-party witnesses, the Court finds that this factor weighs in favor of transfer.

Fifth, in evaluating the convenience of the parties, the Court considers the parties' residences and their ability to bear the expense of litigating in each forum. *Brandon Apparel*, 42 F. Supp. 2d at 834. A case should not be transferred, however, merely to shift the inconvenience from one party to another. *Sage Prods., Inc. v. Devon Indus., Inc.*, 148 F.R.D 213, 216 (N.D. Ill. 1993). Both parties are large companies, and will not be significantly burdened from having to litigate in either district. Both parties have ongoing litigation in the District of Idaho regarding Simplot's "Spiral Potato Piece" Patent, U.S. Patent No. D640,036, ('036 Patent) which covers Simplot's SIDEWINDERS™ product. Doc. 26-1 ¶ 19. McCain argues that the products and patents at issue in the pending Idaho litigation are not the same, and that there is no actual case or controversy in that case. However, both cases involve a claim regarding each company's patents and production of a spiral shaped potato snack. Surely the parties would save *some* resources by resolving these conflicts in the same forum. Therefore, this factor weighs slightly in favor of transfer.

### B.     Interest of Justice

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Courts consider factors such as the likelihood of a

speedy trial, each court's familiarity with the applicable law, the desirability of resolving controversies in each locale, the relationship of each community to the controversy, and the possibility of consolidating related litigation. *Id.*; *Coffey*, 796 F.2d at 220–21. This analysis does not relate to the merits of an underlying dispute. *Coffey*, 796 F.2d at 221.

First, patent infringement is a question of federal law, and both the District of Idaho and this Court are equally capable of resolving this case. *See Body Sci.*, 846 F. Supp. 2d at 998 (finding that the transferring court and any transferee court were equally equipped to handle patent the infringement case). This factor is neutral.

Second, the average time between filing and disposition in the District of Idaho is 11.4 months versus 7.4 months in this district.[4] McCain also raises that the District of Idaho is in a year-long judicial emergency due to its shortage of judges. Judge David Nye was confirmed on July 12th, 2017, and is expected to be sworn in by early August, thus easing some of the burden on the judges in that district. It is reasonable to expect the disparity between the districts to decrease with the appointment of an additional judge.

Simplot also argues that any resulting difference between the districts would be counterbalanced by the consolidation of the parties' ongoing litigation in the District of Idaho. "[R]elated litigation should be transferred to a forum where consolidation is feasible." *Coffey*, 796 F.2d at 221. McCain contends that Simplot's claims against it in the District of Idaho are meritless and that, by waiting to complete service until the last day in that case, Simplot is trying to abuse the system. The Court will not pass judgment on the merits of another court's ongoing case, nor will it presume any foul play on the part of Simplot for complying with the rules of service in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m). Furthermore, the cases

---

[4] These figures come from the website of the United States Courts detailing federal court management statistics as of December 2016. *See* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2016.pdf.

9

share common issues and questions of fact. Both involve the companies' competing patents regarding the design of their potato products. Requiring the same witnesses to appear in two different forums to answer the same questions would be an inefficient use of judicial and party time and resources. Transfer and potential consolidation also helps limit the risk of inconsistent judgments. *See Countryman v. Stein Roe & Farnham*, 681 F. Supp. 479, 484 (N.D. Ill. 1987) (finding in favor of transfer when related suits involved common questions of law and fact despite not being identical claims).

"Where an accused product is distributed and sold throughout the United States, several states share an interest in redressing the alleged infringement." *Body Sci.*, 846 F. Supp. 2d at 998 (internal citations omitted). However, the forum where the alleged infringing products were researched, developed, tested, marketed, and sold has a greater interest than other forums where the products were sold. *Id.* All of Simplot's research, development, marketing, and sales decisions of their SIDEWINDERS™ product took place in Idaho. The same is true regarding their purchase and use of their PEF systems, save for one system that is located in North Dakota. On the other hand, the Northern District of Illinois has an interest in preventing infringing goods from being sold within its boundaries. But that interest is no greater than any other district where goods are sold, and does not trump the District of Idaho's significant interest in adjudicating the dispute. As a whole, the interest of justice factors weigh in favor of transfer.

Combined, the interest of justice, the convenience to non-party witnesses, Idaho being the situs of material events, and the parties' related ongoing litigation in the District of Idaho warrant transfer under § 1404(a).

## II. Section 1406 Transfer

As discussed, in deciding to transfer the venue of this litigation, the Court presumes that Simplot has waived objection to venue by answering that venue is proper. See Doc. 22 ¶ 7. But even if Simplot had not answered that venue is proper, the Court would still order transfer of this case to the District of Idaho, under 28 U.S.C. § 1406. The Supreme Court's recent decision in *TC Heartland*, which affirmed its own prior decision in *Fourco Glass Co.*, held that domestic corporations reside only in their state of incorporation, because § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions and should not be supplemented by § 1391(c). 137 S. Ct. at 1520; *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229, 77 S. Ct. 787, 1 L. Ed. 2d 786 (1957). This overturned the Federal Circuit, which in 1990 held that *Fourco* was no longer good law due to amendments to 28 U.S.C. § 1391. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990).

*TC Heartland*'s holding means that venue is proper for McCain's claims against Simplot only if (1) Simplot is incorporated in Illinois, or (2) Simplot has committed acts of infringement and has a regular and established place of business in the Northern District of Illinois. 28 U.S.C. § 1400(b). Simplot is not incorporated in Illinois, nor does it have facilities of any kind that would constitute an established place of business. Simplot's only contact with Illinois is through the sale of its products, which, prior to *VE Holding*, the Seventh Circuit deemed insufficient for venue under § 1400(b). *Knapp-Monarch Co. v. Casco Prods. Corp.*, 342 F.2d 622, 625 (7th Cir. 1965). Therefore, Simplot is correct that if *TC Heartland* applies, venue would not be proper in this District and a transfer would be appropriate under § 1406. *United Financial Mortg. Corp. v. Bayshores Funding Corp.*, 245 F. Supp. 2d 884, 888 (N.D. Ill. 2002) (noting that, under § 1406(a), on its own, a court may dismiss a case or it may transfer the case if it is in the interest of

justice).  Here, though, Simplot potentially waived any objection to venue, but the Court need not resolve that issue because transfer is proper under § 1404 if venue is proper and would be proper under § 1406 if venue is not proper.

## CONCLUSION

For the foregoing reasons, the Court grants Simplot's motion to transfer venue [24].  The Clerk is directed to transfer this case to the District of Idaho.

Dated: August 9, 2017

_____
SARA L. ELLIS
United States District Judge